UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CRIMINAL ACTION NO. 05-08-DCR
CIVIL ACTION NO. 06-179-DCR

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

V.                                          MAGISTRATE JUDGE'S
                                       REPORT AND RECOMMENDATION

GREG WHITE,                                                                         DEFENDANT.

  This matter is before the Court on motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 by the pro se defendant, Greg White. The motion was referred to the undersigned Magistrate Judge for initial consideration and a report and recommendation. Having considered the record, including the motion and Defendant's memorandum of points and authorities in support of his motion [Record No.113], Motion by the United States to dismiss [Record No.120], and Defendant's reply [Record No. 122], the matter is ripe for review.  For the reasons stated herein, the Court will recommend that Defendant's motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 be denied.

FACTUAL BACKGROUND

  On March 24, 2005, the grand jury sitting in the Eastern District of Kentucky returned an indictment charging the defendant and others with various offenses. Specifically, Count 1 charges White with conspiracy to distribute, and possession with intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 2 charges that he conspired with others to knowingly transport funds from Kentucky to Texas and elsewhere with intent to promote dealing in controlled substances, and

1

concealing and disguising the nature, location, source, ownership, and control of proceeds. Count 4 charges that White, aided and abetted by others, knowingly and intentionally possessed with intent to distribute 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana. Finally, Count 7 is a forfeiture charge regarding currency used for the commission of offenses listed in Counts 1 and 4.

On July 11, 2005, Defendant was re-arraigned before the Honorable Danny C. Reeves. Pursuant to a plea agreement with the United States, White pleaded guilty to Count 1 charging him with conspiracy to distribute, and possession with intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Count 7, the forfeiture count. White represented to the Court that he had reviewed the plea agreement with counsel and understood its terms. [Record No. 118, p. 8, 25.] He indicated that he understood the questions being asked of him by the court, and was not under the influence of any substance that would impair his ability to understand the nature of the proceedings. [Record No. 118, pp. 9, 11.] In addition, he was satisfied with the advice of counsel. [Record No. 118, p. 13.] The Assistant United States Attorney summarized the terms of the plea agreement, and White represented that the government's attorney had done so accurately. [Record No. 118, p. 32.] The plea agreement entered into by the parties and presented to the Court provided, in part:

> 2. The Defendant agrees to enter a plea of guilty, not a nolo contendere or Alford plea, to Counts 1 and 7 charging violations of 21 U.S.C. § 846 and 853. At the time of the entry of the guilty plea, the Defendant will admit all facts alleged in the Indictment. The United States will move to dismiss Counts 2 and 4 at the time of final sentencing.
>
> 3. The essential elements of Count 1 are:
>
> (a) that the defendant and others did conspire or agree to

>  possess with the intent to distribute and distribute more than 1000 kilograms of marijuana, a schedule I controlled substance
>
>  (b)  said events took place within the Eastern District of Kentucky and elsewhere

 The essential elements of Count 7 are:

>  (a)  that the listed assets represent proceeds from the distribution of controlled substances ore were used to facilitate the commission the crimes as listed above.

4. As to Counts 1 and 7, the United States could prove the following facts beyond a reasonable doubt:

(a) that beginning on or about a day in January 2001, the exact date unknown, through on or about June 8, 2004 this defendant engaged in a conspiracy with John Blayne Tackett, Phil Dee Mullins, James Robert Mullins, Eddie Tackett and others to possess with intent to distribute and to distribute marijuana. The marijuana was brought into the EDKY by some of the above listed defendants. It was stored at several locations then delivered/provided to this defendant and others for distribution. One of the locations was a garage location on Jenkins Highway in Dorton, Ky in the Pike county area in the EDKY. At the direction of others, this defendant did sell pound amounts of marijuana from that garage location. Proceeds from the distribution were collected and later delivered by Phil Dee Mullins and James Robert Mullins to John Blayne Tackett and others.

(b) During the time frame of Count 1, James Robert Mullins and Eddie Tackett temporarily ceased their association with the individuals at the garage location. Eddie Tackett began receiving cans of marijuana from another source. This defendant assisted in the distribution of those canned quantities of marijuana.

©) On or about June 8, 2004, a federal search warrant was executed at the residences of this defendant and others. During the course of these searches approximately 185 metal cans were recovered that contained marijuana. These amounts were within the custody and control of this defendant. This amount was possessed with intent to distribute and were part of the drug amounts in this conspiracy.

(e) This defendant stipulates and agrees that said United States currency listed in count 7 represents proceeds or substitute proceeds

>from the distribution of marijuana.
>
>(d) The total amount of marijuana foreseeable to this defendant as part of this conspiracy is not less than 1000 kilograms.

These facts accurately represent the Defendant's offense conduct and establish the essential elements of the offense.

* * *

>8. The United States and the Defendant recommend the following sentencing guidelines calculations and they may object to other calculations. This recommendation does not bind the Court.
>
>>(a) United States Sentencing Guidelines, November 1, 2004 manual will determine the Defendant's guideline range.
>>
>>(b) The parties agree that the total amount of marijuana foreseeable to this defendant is 1000 kilograms. Pursuant to § 2D1.1, the base offense level is 32.
>>
>>©) Pursuant to § 3E1.1(a), decrease the base offense level by 2 levels for the Defendant's acceptance of responsibility. The United States intends will move at sentencing for an additional one level decrease.
>
>* * *
>
>14. The Defendant waives the statutory right to appeal and the right to collaterally attack the guilty plea and conviction, but not the sentence.

[Record No. 72.]

The plea agreement was signed by White, and by his counsel.

The court reviewed the maximum penalties faced by the Defendant, and specifically informed White that he was subject to a term of imprisonment of not less than ten years, not more than life, with a period of supervised release of not more than five years. [Record No. 118, p. 35.] White acknowledged the he understood the possible penalties [Record No. 118, p. 36.], and the effect of the waiver of his right to appeal or collaterally attack the guilty plea and conviction. [Record No. 118,

p. 42.] In describing the conduct for which he was guilty, White stated: "I sold marijuana, you know; held it and stuff for them." [Record No. 118, p. 48.] In addition, White adopted the factual statement contained in the plea agreement as an accurate account of his conduct. [Record No. 118, p. 48.] In regard to the amount of marijuana at issue, the Court stated: "The amount of marijuana that's attributed to you as a result of these actions is stated to be approximately 1,000 kilograms, I believe. Is that correct?" [Record No. 118, p. 49.] White responded: "Yes, sir."[Record No. 118, p. 49.]

At sentencing on October 17, 2005, the Court accepted the plea agreement, and sentenced White to serve 120 months in prison followed by 5 years of supervised release. Judgment was entered October 17, 2005. The Clerk of Court notified White of his right to appeal by stating:

> You are notified by this Court that you have a right to appeal your case to the Sixth Circuit Court of Appeals, which on proper appeal will review this case and determine that there has or has not been error of law. However, a defendant may waive those rights as part of a plea agreement, and you have entered into a plea agreement which waives some or all of your rights to appeal convictions. Such waivers are generally enforceable, but if you believe the waiver is unenforceable, you can present that theory to the appellate court.
>
> If you do not have sufficient money to pay for the appeal, you have a right to apply for leave to appeal in forma pauperis, which means you may appeal without paying for it.
>
> If you are without the services of an attorney and desire to appeal and so request, the clerk of this Court shall prepare and file forthwith a notice of appeal on your behalf. With few exceptions, this notice of appeal must be filed within ten days from the date of entry of this judgment.
>
> If you do not have sufficient funds to employ a lawyer, the court of Appeals may appoint your present lawyer or another to prosecute the appeal for you.
>
> You may request to be released on a reasonable bond pending the appeal.

[Record No. 119, pp. 12-13].

Defendant did not file a direct appeal.

On August 25, 2006, White filed the instant action seeking relief pursuant to 28 U.S.C. § 2255 arguing: (1) that there was insufficient evidence to convict him of conspiracy to distribute and possess with intent to distribute 1000 kilograms of marijuana; (2) Denial of his right to effective assistance of counsel for failing to: a) review the Pre-sentence report with White and advise the Court of objection to the amount of drugs or elicit findings from the court on the issue, b) failure to dispute additional drug quantity not in the plea agreement, and c) failure to inform White of his right to appeal. [Record No. 113.] In addition, White asserts that he has a right to an evidentiary hearing on the issue of ineffective assistance of counsel to determine the drug amount for which he is personally responsible. [Record No. 113.] For the reasons stated below, the Court is of the opinion that White is not entitled to an evidentiary hearing in the instant matter, and the motion under 28 U.S.C. § 2255 must be denied.

## ANALYSIS

1.  Standard of Review

To prevail upon a motion to vacate sentence under 28 U.S.C. § 2255 asserting an error not based upon a constitutional right, the moving Defendant must show a "fundamental defect" in the criminal proceedings that inherently results in a "complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). For claims of error of constitutional magnitude, the § 2255 movant must show, from the court record, that such alleged error had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). In other words, a § 2255 movant must allege that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside

the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid.  Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004); see also Moss v. United States, 323 F.3d 445, 454 (6th Cir.), cert. denied, 540 U.S. 879 (2003).

It is well settled that a § 2255 motion to vacate may not be employed to re-litigate an issue that was raised and considered on appeal, absent highly exceptional circumstances, such as an intervening change in the law.  Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir. 1974), cert. denied, 423 U.S. 861 (1975); see also United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir. 1989).  Nor may a Defendant use a § 2255 motion as a substitute for bringing a direct appeal.  Reed v. Farley, 512 U.S. 339, 354 (1994).  A federal prisoner seeking collateral review under § 2255 of an issue not previously raised on direct appeal must first show cause to excuse his failure to do so and actual prejudice resulting from the alleged violation.  Id.  This requirement, however, does not apply to ineffective assistance of counsel claims, which are not cognizable in a direct appeal because the record is generally inadequate to permit review.  Massaro v. United States, 538 U.S. 500, 504-05 (2003); United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004); United States v. Brown, 332 F.3d 363, 368-69 (6th Cir. 2003).  Therefore, such claims are more properly reviewed in a § 2255 proceeding.  Massaro, 538 U.S. at 504; Combs, 369 F.3d at 940; Brown, 332 F.3d at 369; see also Ciak v. United States, 59 F.3d 296, 303-04 (2nd Cir. 1995) (noting that it is not realistic to expect appellate counsel, who served as the defendant's trial counsel, to raise an ineffective assistance of counsel claim on direct appeal).

2. Insufficient Evidence

The first issue to be addressed in this action will be White's argument that there was insufficient evidence below to support a conviction based on the agreed upon 1000 kilograms of marijuana. [Record No. 113.] To the extent that White seeks to challenge his guilty plea and conviction by arguing that they were not supported by sufficient evidence, such motion is not subject to review due to his knowing, intelligent and voluntary waiver of any right to bring such a motion as part of his plea agreement.

It is generally recognized that a defendant may waive his right to bring a § 2255 motion to collaterally attack a guilty plea, conviction or sentence. However, to be effective, a waiver of such rights, like the guilty plea itself, must be knowing, intelligent, and voluntary. See Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); United States v. Sammons, 918 F.2d 592, 596 (6th Cir. 1990). Fed.RCrim P.11(b)(1)(n) provides that before the court accepts a plea of guilty, the court must address the defendant personally and inform the defendant, while under oath of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." In such a case, a knowing and voluntary waiver of a defendant's right to pursue collateral relief in a plea agreement will preclude his ability to file a subsequent § 2255 motion. Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001). The record in the instant matter is clear that the Court addressed White personally and informed him, while under oath, of the terms of the plea agreement including the waiver.

White listened as the United States Attorney summarized the terms of the plea agreement. [Record No. 118, p. 32.] He and his counsel agreed that the recitation was accurate. [Record No. 118, p. 32.] The plea agreement itself provided in two separate paragraphs that the amount of marijuana attributable to White was 1000 kilograms. [Record No. 72, ¶¶ 3(a), 8(b).] Further, the

8

Court stated: "The amount of marijuana that's attributed to you as a result of these actions is stated to be approximately 1,000 kilograms, I believe. Is that correct?" [Record No. 118 p. 49.] White responded: "Yes, sir."[Record No. 118 p. 49.] In reviewing the maximum penalties, the Court informed White that he was subject to a term of imprisonment of not less than ten years, not more than life, with a period of supervised release of not more than five years. [Record No. 118, p. 35]. White acknowledged the he understood the penalties to which he was subject. [Record No. 118, p. 36]. The Court discussed with White the effect of his waiver by stating: "It's in paragraph 14 of Mr. White's plea agreement, and it provides that you waive the right – the statutory right to appeal and the right to collaterally attack the guilty plea and conviction but not the sentence. Now, do you understand that you're waiving or giving up those rights?" [Record No. 118, p. 42.] White responded "Yes, sir." [Record No. 118, p.42.] White testified that he was not under the influence of any substance that would impair his ability to understand the nature of the proceedings and the consequences of his actions. [Record No. 118, p. 9, 11.] As a result of the evidence taken at the hearing, the Court has no choice but to find that White was fully and properly informed of the terms of the plea agreement, including the waiver, and that his waiver was entered knowingly, intelligently and voluntarily. In addition, White does not now demonstrate any reason why his express waiver should not be enforced. See, e.g., United States v. Sykes, 292 F.3d 495, 498 (6th Cir.), cert. denied, 537 U.S. 965, (2002); United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005).

Therefore, the Court finds that the record establishes that White's waiver was knowing, intelligent and voluntary. As a result, White validly waived his right to challenge his guilty plea and conviction, and such waiver should now be enforced. His attack under 28 U.S.C. § 2255 alleging that there was insufficient evidence to convict based on 1000 kilograms of marijuana must be denied.

3.  Ineffective Assistance of Counsel

White next claims that his guilty plea and conviction should be set aside due to the ineffective assistance of his trial counsel.  It should be noted that criminal defendants have the right to effective assistance of counsel under the Sixth Amendment.  Evitts v. Lucey, 49 U.S. 387, 396-97 (1984).  However, to prevail on a claim of ineffective assistance of counsel in the instant matter, White must show that 1) counsel's performance was objectively deficient, and 2) that such deficiency resulted in prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  In the context of a guilty plea, in order to establish prejudice White "must show that there is a reasonabl probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); accord Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994); Warner v. United States, 975 F.2d 1207, 1214 (6th Cir. 1992).

In this case, White alleges a denial of his right to effective assistance due to counsel's failure to: a) review the Pre-sentence report with White and advise the Court of objection to the amount of drugs or elicit findings from the court on the issue, b) failure to dispute additional drug quantity not in the plea agreement, and c) failure to inform White of his right to appeal.[Record No. 113.]  Such claims are merely conclusory and unsupported by anything in the record.  White openly admitted having reviewed and discussed the Pre-sentence report with counsel [Record No. 119, p. 3.] In addition, he was sentenced according to the terms of the plea agreement in which he stipulated that his relevant conduct included responsibility for 1000 kilograms of marijuana. [Record No. 72, pp.2-3.] Finally, he was informed in open court of his right to appeal, and also acknowledged by his signature the court's advice of right to appeal. [Record No. 74.]  A review of the record shows that

in light of the evidence against him, White voluntarily pleaded guilty and took the benefit of a plea bargain receiving a dismissal of two additional counts that were brought against him. White has not shown any objective deficiency in his counsel's representation, or that but for the alleged errors he would have insisted on going to trial, therefore failing to satisfy the either prong of the Strickland standard. As a result, his claim of ineffective assistance of counsel is without merit and provides no basis for relief.

### 4. Evidentiary Hearing

White seeks an evidentiary hearing to address his claims of ineffective assistance of counsel. [Record No. 113.] However, a hearing is not required if White's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible or are conclusions rather than statements of fact, Arredondo v. United States, 178 F.3d 778, 782 (6th Cir.1999); Peavy v. United States, 31 F.3d 1341, 1345 (6th Cir. 1994), or are refuted by the record or are merely conclusions rather than statements of fact. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996). The issues presented in White's 2255 motion are clearly contradicted by the record as stated above and cannot be accepted as true. Therefore, no hearing is required in the instant action.

## CONCLUSION

Accordingly, and for the reasons provided above, the undersigned hereby recommends that Defendant's motion to vacate, set aside, or correct his sentence [Record No. 113] filed pursuant to 28 U.S.C. § 2255 be denied and that this action be dismissed with prejudice and stricken from the docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days

from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)©); Rule 72(b), Fed. R. Civ. P.

Signed December 22, 2006.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge

Date of entry and service: